UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-10338 FMO (ASx) | Date | May 7, 2020 |
|---|---|---|---|
| Title | Shelly Andrews, et al. v. Ecolab Inc., et al. | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Re: Motion to Remand

Having reviewed the briefing filed with respect to Ecolab Inc.'s Motion to Remand (Dkt. 15-1, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On October 21, 2019, plaintiffs Shelly Andrews ("Andrews") and Paula Deterding ("Deterding") (collectively, "plaintiffs") filed a putative class action complaint in the Los Angeles County Superior Court ("state court") against Ecolab Inc. ("Ecolab"); The Permanente Medical Group, Inc.; Southern California Permanente Medical Group; Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals; Kaiser Permanente Orange County – Anaheim Medical Center; Kaiser Permanente South Bay Medical Center; and Kaiser Permanente Roseville Medical Center (collectively, "Kaiser defendants"), asserting various state law claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2; Dkt. 1-1, Complaint). Specifically, plaintiffs allege that Ecolab uses dangerous chemicals and compounds in its OxyCide Daily Disinfectant Cleaner and Oxycide Dilution Management System, which plaintiffs' employer, the Kaiser defendants, used in their hospitals. (See Dkt. 1-1, Complaint at ¶ 1). Plaintiffs seek to represent a class defined as "[a]ll employees of Kaiser Defendants in California who were exposed to OxyCide Cleaning Products, from June 2015, to the present." (See id. at ¶¶ 123-24).

On December 5, 2019, defendant The Permanente Medical Group, Inc. removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 1, NOR). Ecolab subsequently filed the instant Motion contending that CAFA's "local controversy" exception bars the court from exercising jurisdiction over this action. (See Dkt. 15-1, Motion at 2-3).

## LEGAL STANDARD

"CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10338 FMO (ASx) | Date | May 7, 2020 |
|---|---|---|---|
| Title | Shelly Andrews, et al. v. Ecolab Inc., et al. | | |

a state different from any defendant; and (3) there are at least 100 class members." Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2), (5)(B)). However, pursuant to the "local controversy" exception, district courts "shall decline to exercise jurisdiction" when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed[.]" 28 U.S.C. § 1332(d)(4)(A)[1]; Mondragon v. Capital One Auto Fin., 736 F.3d 880, 882 (9th Cir. 2013). "The party seeking remand to state court bears the burden of proving that a CAFA exception applies."[2] Brinkley, 873 F.3d at 1121; see King v. Great Am. Chicken Corp, Inc., 903 F.3d 875, 876 (9th Cir. 2018) (noting that party seeking remand under the local controversy exception has "the burden to prove that 'greater than two-thirds' of the putative class members [are] 'citizens'" of state where action was originally filed) (citing 28 U.S.C. § 1332(d)(4)). "The individual factors of a party's citizenship are essentially factual[,]" which the moving party "must establish . . . by a preponderance of evidence." King, 903 F.3d at 878 (internal quotation marks omitted). However, the burden of proof is "not exceptionally difficult to bear[,]" and a "district court should consider the entire record to determine whether evidence of residency can properly establish citizenship." Id. at 878-79 (internal quotation marks omitted).

---

[1] The local controversy subsection of CAFA provides: "A district court shall decline to exercise jurisdiction under paragraph (2) – (A)(i) over a class action in which – (I) greater than two-thirds of the members of all proposed classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other person[.]" 28 U.S.C. § 1332(d)(4)(A).

[2] "The 'local controversy' exception is not jurisdictional[,]" Visendi v. Bank of America, N.A., 733 F.3d 863, 869 (9th Cir. 2013), and contrary to Ecolab's suggestion, (see Dkt. 15, Defendant Ecolab Inc.'s Memorandum of Points and Authorities in Support of Remand ("Memo.") at 4), there is no presumption against CAFA removal. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014) (An "antiremoval presumption" does not exist in cases removed pursuant to CAFA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10338 FMO (ASx) | Date | May 7, 2020 |
|---|---|---|---|
| Title | Shelly Andrews, et al. v. Ecolab Inc., et al. | | |

## DISCUSSION

Here, Ecolab has not met its burden.[3] As an initial matter, the court notes that Ecolab failed to cite recent Ninth Circuit decisions[4] that have made clear that the party seeking remand based on the local controversy exception bears the burden of proving by a preponderance of the evidence that the exception applies. (See, generally, Dkt. 15, Memo.).  In any event, Ecolab relies primarily on the class definition in an attempt to show that more than two-thirds of the proposed class members are citizens of California, (see id. at 5-6), as well as the location of the Kaiser defendant hospitals. (See Dkt. 19, Defendant Ecolab Inc.'s Reply in Support of Motion to Remand ("Reply") at 9-11).  This is insufficient. See Mondragon, 736 F.3d at 884 ("The statue does not say that remand can be based simply on a plaintiff's allegations, when they are challenged[.] A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard[,]" which "[a] complete lack of evidence does not satisfy[.]") (citations omitted); see also King, 903 F.3d at 879-80 (finding insufficient stipulation that "at least two-thirds" of class members were citizens of California since it did not leave a sufficient "cushion" where class was defined as "all current and former non-exempt employees of [defendant] in the State of California at any time within the period beginning four (4) years prior to the filing of [the] action and ending at the time [the] action settle[d] or proceed[ed] to final judgment").[5]

Because it appears to the court that such evidence is more likely in the hands of the Kaiser defendants,[6] who removed this action, the court will deny Ecolab's Motion without prejudice to

---

[3] The parties only dispute the two-thirds citizenship element of the local controversy exception. (See Dkt. 17, Plaintiffs' Opposition to Defendant Ecolab Inc.'s Motion to Remand at 2, 4-7).

[4] Indeed, with respect to the two-thirds requirement, Ecolab relied on three district court cases, none of which were issued following the Ninth Circuit's decisions in Mondragon or King. (See Dkt. 15, Memo. at 5).

[5] Ecolab's contention that it need not present evidence because the Kaiser defendants filed a statement of non-opposition is without merit. (See Dkt. 19, Reply at 2, 3-6).  Such a statement is not evidence that greater than two-thirds of the class members are citizens of California. Moreover, the burden clearly rests with the party seeking remand to show that the local controversy exception applies.

[6] The court finds the Kaiser defendants' conduct in this case problematic.  While one of the Kaiser defendants removed this action, (see Dkt. 1, NOR), they then initiated the meet and confer with plaintiffs stating that they believed the case was subject to remand pursuant to the local controversy exception. (See Dkt. 15-7, Exh. C at ECF 409) ("We now think the case may be subject to remand under CAFA's local controversy exception.").  The court also admonishes the parties that it requires a meaningful meet-and-confer conference prior to filing motions, and a simple statement that a party will assume a motion will be filed, (see id. at ECF 407), is insufficient to comply with the court's Initial Standing Order or Local Rule 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10338 FMO (ASx) | Date | May 7, 2020 |
|---|---|---|---|
| Title | Shelly Andrews, et al. v. Ecolab Inc., et al. | | |

conduct appropriate discovery with respect to the citizenship of plaintiff class members.

   **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

   Based on the foregoing, IT IS ORDERED THAT Ecolab's Motion to Remand **(Document No. 15-1)** is **denied without prejudice**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |